## SUPREME COURT.

### WM. C. RHINELANDER and others agt. THE MAYOR, &c. OF NEW YORK.

When the law authorizes the common council of a city to impose the expenses of paving streets, or other improvements, by assessment upon the *owners of property benefited,* the assessment becomes a *lien* upon the lots benefited; and it is an undue assumption of power in the common council to incur the expense and attempt its collection from *tax-payers at large,* even under a prior ordinance which required them thereafter to keep such streets repaved and kept in repair *at the expense of the corporation.*

*New York Special Term, November,* 1862.
DEMURRER to complaint.

EDWARDS PIERREPONT, *for plaintiffs.*
HENRY H. ANDERSON, *for the corporation.*

LEONARD, Justice. The complaint states that Fifth avenue was opened under the authority contained in section 177, and was regulated and paved under section 175 of the general act of April 9, 1813, reducing several laws relating particularly to the city of New York into one act. The common council are authorized by section 177 to open any street or avenue whenever they desire; and by section 175 to pave, alter, amend, &c., any street, &c.

The corporation of said city adopted an ordinance in 1824, declaring that whenever the owners of lots fronting

on the streets should pay the expense of paving the carriage way, &c., for a distance not less than one block, under the orders of the common council, and the work should be approved, such part of the street should forever thereafter be repaved and kept in repair at the expense of the corporation.

The owners of certain lots fronting on Fifth avenue allege in this complaint that this avenue was subsequently opened, paved, &c., and the expense paid in the manner contemplated by this ordinance; that the common council, in disregard of the obligation of this ordinance, repaved the avenue with the Belgian pavement, and assessed one-half of the expene thereof in 1860 on the owners of lots fronting on the carriage way so repaired, amounting to over $98,000, from which assessment they now demand to be relieved.

I think there can be no doubt that the act of 1813, section 175, authorized the improvement in question; indeed no suggestion to the contrary was indulged at the argument.

The statutes authorize the common council to impose the expenses for the improvements mentioned in these actions by assessment upon the owners of property benefited. It became the duty of the common council, by virtue of this authority, to raise the expenses incurred for the purposes contemplated, by the sections referred to, in the manner authorized by that act.

The amount for paving, &c., in 1834, was assessed, and became a lien upon the lots benefited.

The corporation had no inducement by way of consideration to bind themselves not to exercise the power conferred upon them, so far as we can ascertain from the plaintiffs' statement of their case.

Assuming that the corporation had the authority to direct the laying of the Belgian pavemert, derived by the act of 1813, aside from the question of consideration, the

common council could not, in 1824, abrogate the duty which the law imposed, to assess the expenses of it upon the lots benefited thereby. We must also hold that it was the lien upon the land which the assessment created in 1835 and 1845, that induced the payment then, and not the ordinance of 1824.

When the law authorizes the expenses of such an improvement to be assessed in a particular manner, it is an undue assumption of power to incur the expense and attempt its collection from tax-payers at large; and I must doubt the obligation or validity of any ordinance or contract that has for its object the release of that source of payment which alone is authorized by the law that permits the improvement.

Judgment upon the demurrer for the defendants with costs.