In the matter of the petition of JOHN W. LEWIS, to vacate assessment for regulating West street.

The provisions of the act of April 17, 1858, (*Laws of* 1858, *ch.* 388,) are only intended to relieve against fraud, or legal irregularity, in the proceedings relative to an assessment, or the proceedings to collect the same.

The act does not authorize any inquiry whether the work has been well done; or whether the contract has been fully performed; or whether the materials used are according to the specifications; or whether the common council had all the surveys and certificates of inspectors, as required by the ordinances.

These matters belonged to the common council, as the law was formerly, and now to the board of review; and do not come within the purview of this statute, except in cases where fraud is alleged to have been committed.

The common council of New York has power, under sections 175 and 176 of the act of 1813, (2 *R. L. p.* 407,) to assess the expense of repairing or repaving a street upon the property. The subsequent authority to the common council to repair the streets and employ persons therefor, in sections 193, 194 and 195, does not prevent the charging the expense thereof to the owner. Even if it did, it would not apply to a case of an entirely new pavement, after raising and altering the grade.

The question whether the ordinance of the corporation, passed in 1824, by which it was agreed that the streets should be kept in repair at the public expense, after they are once paved at the expense of the owners, prevents any such assessment, does not come within the provisions of the act of 1858.

If the corporation has not the power, the want of it is not an *irregularity* in the proceedings in making the assessment, nor in collecting it. If the common council have made a contract with the owner which they seek to violate, the remedy is not under the act of 1858.

The ordinance of 1824 applies only to streets paved after its passage.

The unanimous consent required to make an ordinance passed by both boards of the common council of New York, on the same day, valid, is the consent of all the members present at the time of its passage. If this appears from the fact that no objection was made at the time, and that all the members present voted for the ordinance, it is valid.

The provision of law that no contract for any public improvement shall be entered into, before an appropriation has been made therefor, (*Laws of* 1857, *ch.* 446,) does not apply to cases where the expense is charged upon the owners, and not upon the public treasury.

Assessors should not include any charge for making an assessment for repaving a street. The allowance of two and a half per cent for making the assessment is no longer a legal charge.

In the matter of Lewis.

*By the Court,* INGRAHAM, J. An application was made to Judge CLERKE to vacate the assessment in this case, under the act of 1858. (*Laws of* 1858, *ch.* 338.) Testimony was taken before that justice, and afterwards, on a hearing before another justice, the application was denied. The petitioner appealed from that order.

The provisions of the act of 1858, in most of the applications under it for relief, are not properly understood. They are only intended to relieve against fraud, or legal irregularity in the proceedings relative to an assessment, or the proceedings to collect the same. Keeping in view the object of the statute, it is apparent that it does not authorize any inquiry whether the work has been well done; or whether the contract has been fully performed, or whether the materials used are according to the specifications; or whether the common council had all the surveys and certificates of inspectors, as required by the ordinances. These matters belong to the common council, as the law was formerly, and now to the board of review; and do not come within the purview of this statute, except in cases where fraud is alleged to have been committed.

This application is not founded on any allegations of fraud, but the petitioner asks relief for the supposed legal irregularities in the proceedings.

The first objection is, that the common council have no authority to assess for repaving a street. The power to assess the expense of paving a street is admitted to exist under sections 175 and 176 of act 1813, (2 *R. L. p.* 407.) The subsequent authority of the common council to repair the streets and employ persons therefor, in sections 193, 194 and 195, does not prevent the charging the expense thereof to the owner. Even if it did, it would not apply to this case of an entirely new pavement, after raising and altering the grade. Either repairing or repaving may be, under these sections, made a charge upon the property.

It is, however, urged that the ordinance of the corpora-

tion passed in 1824, by which it was agreed that the streets should be kept in repair at the public expense after they are once paved at the expense of the owners, prevents any such assessment.

In *Rhinelander* v. *The Mayor, &c.* (24 *How. Pr.* 304,) this question was raised, and the justice expressed the opinion that the common council could not bind themselves not to assess for such repaving.

That case has been, to some extent reversed so far as it held that the common council could not impose part of the expense of paving a street on the public, and I cannot assent to the doctrine that the common council may not provide by ordinance for repairing and repaving streets at the public expense.

I do not, however, consider it necessary to pass on that question here, because this does not come within the provisions of the act of 1858. It is not an irregularity in the proceedings in making the assessment nor in collecting it. If the common council have made a contract with the owner which they now seek to violate, the remedy is not under this act.

That ordinance also applies only to streets paved after its passage, and there is no evidence to show when West street was originally paved.

The objection to the ordinance of July 15, 1864, is not valid. It was passed by both boards, on the same day. That could not be done unless by unanimous consent. The unanimous consent required is the consent of all the members present at the time of its passage. This appears from the fact that no objection was made at the time, and that all the members present voted for the ordinance. Nor was it necessary to publish it for two days previous. That was necessary when the first ordinance was passed, but was not necessary for its amendment. The expense originated under the first ordinance, and a publication then gave notice to the owners, of the contemplated improvement, and thus satisfied that requirement of the statute.

In the matter of Lewis.

Another objection is that no appropriation was made by law before the contract was made. (*Laws of* 1857, *ch.* 446.) It is a sufficient answer to say that this provision does not apply to cases where the expense is charged upon the owners and not on the public treasury. The authority to advance to the contractor is under another statute, and the amount so advanced is refunded to the city when collected from the owners.

The other objections, to the mode of doing the work and the want of proof annexed to the assessment rolls, are not grounds for vacating this assessment. The stipulation shows the inspectors certificates were in the Croton aqueduct department.

The remaining objection is that the assessors named in the ordinance did not make the assessment. The assessors had been changed between the passage of the ordinance and the signing of the assessment roll.

The statute (*Sess. L.* 1859, *ch.* 302) directs the duty of assessing to be done by the board of assessors for the time being. The ordinance should have directed the assessment to be made by the board, and it was unnecessary to name them individually. The appointment appears to have been made by the board, and there is in this respect no irregularity, of which the petitioner can complain.

The assessors should not have included any charge for making the assessment. The allowance of two and a half per cent for making the assessment is no longer a legal charge. I have heretofore expressed this opinion, but as the amount was very small did not consider it advisable to vacate an assessment in all other respects valid.

The board should not include such a charge, and if persisted in, the court will feel bound to grant relief from it in cases which shall hereafter be brought before it.

The order appealed from is affirmed.

[NEW YORK GENERAL TERM, January 6, 1868. *Geo. G. Barnard, Sutherland* and *Ingraham*, Justices.]