JOHN MORAN, Appellant, *v.* THE CITY OF TROY and BENJAMIN H. HALL, Chamberlain of the City of Troy, Respondents.

*Charter of the city of Troy — power of common council as to repavement — Assessment on property benefited — an exercise of the power of taxation, not of eminent domain.*

The charter of the city of Troy, chapter 129, of 1872, authorizes the common council to pave, and, from time to time, to repave the streets, and provides that "the expenses of all new work and improvements and alterations, not in the nature of ordinary repairs, shall be assessed and be a lien upon the property benefited." . *Held* that, where a street had been paved with cobble-stone pavement, and the expenses thereof assessed upon the adjoining property, the common council had power to direct such street to be repaved with granite block, and the expenses thereof to be assessed upon the property benefited.

The legislature has the same power to authorize the expense of repaving to be assessed upon the property benefited, as they have that of the original paving.

The assessment for such repaving is a species of taxation not covered by the clause of the Constitution, forbidding the taking of private property for public uses without just compensation.

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court without a jury.

This action was brought by the plaintiff to restrain the collection of an assessment, imposed upon a house and lot owned by him, for the repaving of Broadway, in the city of Troy, with granite block pavement.

*Esek Cowen*, for the appellant. The charter of the city of Troy provides that "the expense of all new work or improvements and alterations, not in the nature of ordinary repairs, shall be assessed and be a lien upon the property benefited." And the question arises whether the replacing of a worn out pavement by a new one "is new work" or "ordinary repairs," within the meaning of the charter. If a portion of the cobble-stone pavement had got out of order and had been taken up and relaid with cobble-stone, I suppose there would be no doubt that it was a "repair," and if this would be the case in front of a single lot on a street, I do not see why the same principle would not apply to the whole street. If so, why

should there be any difference in the rule when a better material is substituted for the old one. In both cases, a once good roadway has got out of condition? In both cases, the roadway is restored to a good condition. It must come under the head of "repairs," and as the putting of a defective roadway into condition is a very common thing, it comes under the head of "ordinary repairs." (*People* v. *Brooklyn*, 21 Barb., 489.) The legislature had no right to confer upon the common council of the city of Troy, the power to assess the expense of this improvement upon the lots abutting on the street. Such a power is an infraction of the provision of the Constitution, which forbids the taking of private property for public use without compensation. (Constitution, art. 1, § 6.) Where the public of a city or village receive the entire substantial benefit of a street improvement, and the lots along the street receive only a fanciful, imaginary, and, at the most, incidental benefit, the legislature cannot authorize the assessment of the expense upon the owners of property along the street. Assessing the expense of public improvements upon parties who receive no corresponding benefit, is a violation of the provision of the Constitution, that private property shall not be taken for public use without just compensation. (*In the Matter of Canal street*, 11 Wend., 154; *Canal Bank of Albany* v. *Mayor of Albany*, 9 id., 244; *Hammett* v. *Philadelphia*, 65 Penn., 146; *Matter of Washington Avenue*, 69 id., 352.)

*R. A. Parmenter*, for the respondents.

BOARDMAN, J.:

By 1 Laws of New York, 1872, chapter 129, title 4, section 1, page 309, the common council of the city of Troy is given power to cause the streets of said city to be paved, and from time to time to be repaved. "The expense of all new work and improvements and alterations, not in the nature of ordinary repairs, shall be assessed and be a lien upon the property benefited, when completed in sections or as a whole, and so certified to the comptroller by the local assessors." Under this act, the plaintiff was assessed for repaving Broadway in front of his own premises. About twenty years before, the street had been paved

with cobble-stone, and assessed upon the adjoining property. This pavement being out of order along the greater part of the street, it was ordered repaved with granite blocks, and for such repave-. ment plaintiff was assessed for the portion in front of his premises.

The only question presented is this : Had the city the power to order such repavement, and assess the adjoining premises for the expenses thereof, as benefits ?

The language of the act is too plain to leave a doubt of the legislative intent. The paving of the street with granite in lieu of cobble-stone is in no proper sense an ordinary repair, or repair of any kind. It is wholly a new pavement of new material. The old pavement is discarded and abandoned. We are not called upon to say whether such legislation is wise or just. All we can do is, to ascertain the legislative intent and carry it into effect, unless it violates the fundamental law as contained in the Constitution.

It is claimed, by the plaintiff, that when the benefit is to be exclusively enjoyed by the public, the legislature cannot lawfully impose the expense of an improvement upon individuals, and that this is such a case. In other words, it is claimed that this is an exercise of the right of eminent domain, by which the plaintiff's property, in the shape of money, is taken for the public use. As to the first assessment for paving the street with cobble-stone, it is, and must be conceded to be, an ordinary exercise of the power of taxation. (*People* v. *Mayor, etc., of Brooklyn,* 4 N. Y., 419.) RUGGLES, J., shows very clearly why the exercise of such a power is not the exercise of the right of eminent domain. I do not see any essential difference between the first paving of a street and its repaving after a long interval of time. In each case the greatest benefit is derived therefrom by the general public, and not by the individual assessed. Certainly there is no such wide difference between the circumstances surrounding the orignal paving and those attending the repaving, as could lead to the conclusion that the former was constitutional, legal and proper, while the latter was a violation of the Constitution, illegal and unjust. The two cases present only a question of degrees of benefit. No distinction arising out of legal principles can exist. The right to repave by means of assessment is recognized in *The Matter of Astor* (53 N. Y., 617). The charter of the city expressly gives a continuing power to repave.

The necessity or expediency of its exercise is controlled by the municipality, and not by the courts. (Dillon on Corp., §§ 543, 619, and cases there cited; *In Matter of Lewis*, 51 Barb., 82.) The reasoning in the prevailing opinion in *Hammett* v. *Philadelphia* (65 Penn. St., 146) would sustain the theory of the appellant in this case. But I think the reasoning is in conflict with the authorities in this State. Besides, the case was finally decided upon the ground that the act thus construed authorized special taxation for general purposes, and not for a local object.

I conclude that the city of Troy had the power, in the discretion of the common council, to repave Broadway, and to assess the plaintiff for benefits thereby bestowed, or supposed to be conferred, upon him; that such assessment is a species of taxation not covered by the clause of the Constitution, forbidding the taking of private property for public uses without just compensation (*Howell* v. *City of Buffalo*, 37 N. Y., 267); and that the complaint of the plaintiff, seeking to enjoin the collection of such assessment, was properly dismissed.

The judgment is therefore affirmed, with costs.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment affirmed, with costs.